## In re HUTTON'S ESTATE.

(Surrogate's Court, New York County.　July 13, 1916.)

1. TAXATION ⬀886½—TRANSFER TAX—RATE.

Where a testatrix directs trustees to divide her residuary estate into three shares, and pay the income of one share to each of her children for life, and on the death of a child to pay the income of his or her share to the surviving husband or wife, and on the death of the surviving husband or wife to pay the share to the deceased child's issue, if any, and, if not, to the surviving child or children of testatrix, and, if all the children die without issue, the share of the last survivor is to go to such persons as such survivor may by will designate, two of the shares are subject to a 1 per cent. tax, and one to a 5 per cent. tax.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ⬀886½.]

2. TAXATION ⬀886½—TRANSFER TAX—RATE.

Where the remainders after two life estates are subject to a 1 per cent. tax, and the remainder after the life estate of a third, last surviving, to a 5 per cent. tax, it will be assumed that the youngest life tenant will be the last survivor, and the 5 per cent. tax imposed on the remainder after her life estate.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ⬀886½.]

In the matter of the estate of Henrietta Hutton, deceased. From an order assessing a tax on remainder interests, an appeal is taken. Modified.

Allen & Cammann, of New York City (William C. Cammann, of New York City, of counsel), for appellants.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for State Comptroller.

FOWLER, S. The order entered upon the appraiser's report assessed a tax upon the value of certain remainder interests at the rate of 5 per cent., and the administrators with the will annexed have taken this appeal from the order.

[1] The testatrix gave her residuary estate to her trustees in trust and directed them to divide it into as many shares as she left children, to hold one share for each child, and to pay the income from such share to the child for whom it was set apart during his or her natural life, and upon his or her death to pay the income to the deceased child's surviving husband or wife, and upon the death of such husband or wife to pay the share to the child's issue if he or she left any; in the event of a child dying without leaving issue, to pay that child's share to the testatrix's surviving child or children. If two of the children died without issue, and the surviving child also died without issue, the share of the last survivor was to go to such persons as he or she by a last will should designate, and in the absence of such designation such share to go to the issue of testatrix's sister.

Testatrix was survived by three children, two of whom were married. The appraiser divided the net estate into three parts, and ascertained the value of the life estates of each of the three children and the surviving life estates of the wife of one of the children and the husband of the other, and reported that such life estates were

taxable at the rate of 1 per cent. The remainders after such life estates, amounting to $149,483, he reported as taxable at 5 per cent. Under the terms of the decedent's will the remainders after the life estates of the two children who die first must necessarily go to persons of the 1 per cent. class. When the first of the decedent's children dies, his or her share will go to his or her issue, subject to the surviving life estate of a husband or wife; and if there is no issue, then the share will go to the two surviving children absolutely. When the second child dies, his or her share will go to his or her issue, subject to the surviving life estate of a husband or wife; and in the event of there being no issue it will go to the last surviving child absolutely. It is evident, therefore, that two of the remainders cannot in any contingency pass to persons of the 5 per cent. class, and the order was incorrect in assessing a tax on such remainders at 5 per cent.

It is true that in the event of the three children dying at the same moment a different disposition would be made of the estate. But the statute is to be construed as relating to the ordinary course of natural events and not to extraordinary occurrences such as the simultaneous death of three members of a family. It is obvious, however, that the last survivor of the three children may die without issue, and in that event his or her share may go to the issue of the decedent's sister; that is, persons of the 5 per cent. class. One of the remainders, therefore, is taxable at 5 per cent., but as it is impossible to ascertain by mathematical calculation which one of the three children will survive the other two, it cannot be definitely determined which of the remainders should be taxed at 5 per cent.

[2] While the statute has made no provision for a case of this kind, it has indicated by analogy a procedure which may be followed. The statute provides that the value of life estates must be ascertained by the state superintendent of insurance in accordance with the mortality tables used in that department, and a tax is assessed on the value of the life estate as thus ascertained, irrespective of the actual duration of life. According to these tables the youngest of the three children has the greatest probability of surviving. As Annie K. Hutton is the youngest of decedent's three children, it will be assumed for the purpose of the transfer tax that she will survive her brother and sister, and the remainder after her life estate should be taxed at the rate of 5 per cent.

The order fixing tax will be modified accordingly.